NOT DESIGNATED FOR PUBLICATION

No. 129,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KOPANO OSHMEL ABDALLA-LENNOX,
*Appellant.*

MEMORANDUM OPINION

Appeal from Lyon District Court; LAURA MISER, judge. Submitted without oral argument. Opinion filed April 10, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Kopano Oshmel Abdalla-Lennox appeals the revocation of his probation and imposition of his underlying sentences. We granted Abdalla-Lennox's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not respond to Abdalla-Lennox's motion. After review, we affirm the district court.

In January 2025, Abdalla-Lennox pled no contest to nonresidential burglary, a severity level 7 nonperson felony, and interference with law enforcement, a severity level 9 nonperson felony. The district court sentenced Abdalla-Lennox to 21 months' imprisonment for the burglary charge and 6 months' imprisonment for the interference

1

with law enforcement charge, with the sentences to be run consecutively, but suspended the sentences and granted probation for 24 months.

In July 2025, the State moved to revoke Abdalla-Lennox's probation. It alleged Abdalla-Lennox committed a new crime—felon in possession of a firearm—while on probation; failed to report on four occasions; failed to obtain and maintain employment; lied to his community corrections officers twice; and tested positive for illegal drugs on four occasions.

On August 19, 2025, the district court held a probation violation hearing, where Abdalla-Lennox stipulated to the probation violations because his probation had already been revoked in another case based on the same allegations. The district court found that continued probation would not serve community safety interests or Abdalla-Lennox's interest. The court noted that an extensive list of community-based resources and a probation-ordered, two-day sanction were used to help Abdalla-Lennox successfully complete his probation, yet he immediately failed to report, lied to his community corrections officer, and tested positive for illegal substances. The district court revoked Abdalla-Lennox's probation and imposed his underlying prison sentences.

Abdalla-Lennox appealed.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. This court reviews a district court's decision to revoke an offender's probation for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Under K.S.A. 22-3716(c)(7)(A), a district court may revoke probation if it "sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." Here, Abdalla-Lennox stipulated to the probation violations, which included committing a new crime—felon in possession of a firearm, failing to report, lying to his community corrections officer, and using illegal substances. The district court set forth with particularity its reasons for bypassing intermediate sanctions, including the extensive list of community-based resources that were available to Abdalla-Lennox and that he had already served a two-day sanction. The district court was particularly concerned that, despite the numerous community resources provided to Abdalla-Lennox, he continued to violate his probation in a "spiraling" manner. The district court did not abuse its discretion.

Affirmed.